99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Saverio SENAPE, M.D., Plaintiff-Appellant,
v.
Jo Ann CONSTANTINO, Deputy Commissioner, New York State
Department of Social Services; John Wrafter, Chief, Audit
and Quality Control, New York State Department of Social
Services; Michael Dowling, personally, and as Commissioner,
New York State Department of Social Services, and James
White, current Chief, Audit and Quality Control, New York
State Department of Social Services, Defendants-Appellees.
 No. 95-7274.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 APPEARING FOR APPELLANT: Saverio J. Senape, M.D., pro se, New York, N.Y.
 APPEARING FOR APPELLEES: Ronald P. Younkins, N.Y. State Asst. Atty. Gen., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Present: NEWMAN, Chief Judge, OAKES and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Saverio Senape, M.D. appeals pro se from the February 1, 1995, judgment dismissing on the pleadings his suit challenging the 1991 decision of officials of the New York State Department of Social Services to exclude him from participation as a Medicaid provider for five years and to collect $334,205 of alleged overbilling. The administrative decision was based, among other things, on the submission of false claims and false statements. A prior decision not to re-enroll Senape as a Medicaid provider in 1988 was unsuccessfully challenged. See Senape v. Constantino, 740 F.Supp. 249 (S.D.N.Y.1990), aff'd mem., 936 F.2d 687 (2d Cir.1991).
 
 
 4
 Senape claims a denial of both a property and a liberty interest without due process. However, as the District Court correctly ruled, his due process rights were observed by affording him a post-deprivation administrative hearing, which has yet to be concluded. Senape himself is responsible for at least part of the delay. A pre-deprivation hearing is not required. See Interboro Institute Inc. v. Foley, 985 F.2d 90 (2d Cir.1993); Oberlander v. Perales, 740 F.2d 116 (2d Cir.1984). The complaint was properly dismissed.